UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**C.A.F. & ASSOCIATES, LLC**
        Plaintiff

v.                                                    No. 5:11CV-00074-R

**PORTAGE, INC.** and
**PADUCAH REMEDIATION SERVICES, LLC**
        Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff's motion to compel (DN 27) and the Defendants' motions for reconsideration of the prior Order granting the motion to compel (DN 31 and DN 32). For the reasons below, the Defendants' motions for reconsideration (DN 31 and DN 32) are GRANTED; the prior Order granting the motion to compel (DN 28) is VACATED; and the motion to compel (DN 27) is DENIED.

The Plaintiff asks the Court to compel the Defendants to produce financial documents regarding Defendants' profits allegedly arising from Plaintiff's services to the Defendants. The Plaintiff claims that the financial records are relevant because the measure of damages for its unjust enrichment claim is the profits received by the Defendants as a result of the Plaintiff's services. The Defendants claim that the evidence is not relevant because the measure of damages for the unjust enrichment claim would be the value of the services performed by the Plaintiff.

### Procedural History and Prior Order Granting Motion to Compel

The Plaintiff asserts a number of claims alleging that the Defendants "enticed" the Plaintiff to have one of the Plaintiff's associates serve as site manager for the Defendants' project at the Paducah Gaseous Diffusion Plant in exchange for the Defendants' agreeing to hire 20 full time

equivalents (FTEs) from the Plaintiff. While the Defendants paid for the associate's work, they did not utilize the Plaintiff for the 20 FTEs. The Plaintiff alleges that its involvement allowed the Defendants to extend the project for an addition 10 months.

The Plaintiff's Complaint asserts claims for breach of contract, promissory estoppel, breach of duty of good faith and fair dealing, negligent misrepresentation, fraudulent misrepresentation, quantum meruit, and unjust enrichment. The discovery motions currently before the Court only involve the unjust enrichment claim.

District Judge Thomas Russell referred this case to the undersigned Magistrate Judge for ruling on all discovery motions pursuant to 28 U.S.C. § 636(b)(1)(A) (DN 23).

This Court initially granted the Plaintiff's motion to compel because the Court believed the Defendants failed to timely file a response. Following a telephonic conference with the parties, the Court determined that the Court and the Defendants had a reasonable misunderstanding as to the time for filing responses, and the Court granted leave to the Defendants to file motions to reconsider the prior Order and that the motions should address the merits of the motion to compel (DN 30).

The Defendants have now filed their motions for reconsideration. The motion of Paducah Remediation Services, LLC (PRS) is at DN 31. Portage Inc.'s motion for reconsideration, with its response to motion to compel appended as DN 32-2, is at DN 32. The Plaintiff's response to the motions for reconsideration, which is effectively its reply to the Defendants' responses in opposition to its motion to compel, is at DN 33.

Under the circumstances, justice requires that the prior Order (DN 28) be VACATED and that the motion to compel be adjudicated on its merits.

On October 5, 2012, the Defendants filed motions for summary judgment, arguing, among

2

other things, that CAF's unjust enrichment claim is subject to dismissal (DN 34-2, pp. 8-10 and DN 36-1, pp. 18-20).  If the unjust enrichment claims are dismissed, the evidence requested by the Plaintiff would no doubt be irrelevant.  Given the discovery and pretrial compliance deadlines entered in this case, it is necessary to address this discovery dispute prior to resolution of the motions for summary judgment.

## Analysis

The parties appear to agree, and Kentucky law supports, that quantum meruit and unjust enrichment are distinct claims with distinct elements. The parties also apparently agree that the measure of damages for the Plaintiff's quantum meruit claim (Count Two) (DN 1, p. 15) is the value of the goods and services expended by the Plaintiff.  The Plaintiff has not asserted in its motion to compel that its quantum meruit claim entitles it to discovery of the Defendants' financial documents.

The parties disagree, and Kentucky law is less than clear, on whether the measure of damages for unjust enrichment is different than the measure of damages for quantum meruit.

The Plaintiff relies on *JP White, LLC v. Poe Companies, LLC*, 2011 WL 1706751 (Ky.App.), and *Emerson v. Emerson*, 709 S.W.2d 853 (Ky.App.,1986) for the proposition that the measure of damages is the benefit received by the Defendants, including profits from the extension of the project.

*JP White* clarified that the elements of quantum meruit and unjust enrichment are different in that quantum meruit does not require a benefit to be conferred.  It defined the elements of quantum meruit to be:

1. [T]hat valuable services were rendered, or materials furnished;

2. to the person from whom recovery is sought;

3. which services were accepted by that person, or at least were received by that person, or were rendered with the knowledge and consent of that person; and

4. under such circumstances as reasonably notified the person that the plaintiff expected to be paid by that person.

*Id.* at \*5 quoting *Quadrille Bus. Sys. v. Ky. Cattlemens Assn, Inc.*, 242 S.W.3d 359, 366 (Ky.App.2007).

To prevail upon an unjust enrichment claim, a party must demonstrate: "(1) benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value." *Id.* quoting *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky.App.2009).

Unlike unjust enrichment, quantum meruit need not be supported by receipt of a benefit by the defendant because the services "may not have resulted in a benefit when merely performed with knowledge and consent." *Id.* at n. 3.

In *JP White*, the court upheld the trial court's dismissal of the unjust enrichment claim. The case did not address the measure of damages for unjust enrichment.

In *Emerson*, the Kentucky Court of Appeals held that the measure of damages for unjust enrichment for improvements to real estate is the "full value" of the improvements. *Emerson* involved a legal dispute between father and son. The father agreed that he would convey a parcel of land to the son. The son constructed a house, and the father refused to execute the deed. The son sued under an unjust enrichment theory for the costs of materials and labor. The court remanded the case due to problems associated with the trial court's utilization of an advisory jury.

The *Emerson* court determined that the standard for measuring damages that would apply

4

upon remand goes back at least as far as *Usher's Ex'r. v. Flood*, 17 S.W. 132 (Ky.1891)

> It is settled, in this State, that where a man is put in possession of land by the owner, upon an invalid or verbal sale, which the owner fails or refuses to complete, and in the expectation of the performance of the contract, makes improvements, a Court of Equity will directly and actively, upon a bill filed by him against the owner for an account, make him compensation to the full value of all his improvements, to the extent they have enhanced the value of the land, deducting rents and profits, and will treat the land as subject to a lien therefor.

*Emerson* quoting *Vogel v. Massey*, 76 S.W.2d 257, 259 (1934).

It is not clear that *Emerson* would apply outside the real property context.

The Defendants rely on *Perkins v. Daugherty*, 722 S.W. 2d 907 (Ky.App.1987); and *Triple Elkhorn Mining Co. v. Anderson*, 646 S.W.2d 725 (Ky. 1983), to support their position that the measure of damages is the value of services performed by the Plaintiff.

*Perkins* involved a dispute between a developer and a civil engineer for work performed by the engineer before the developer retained another engineer to finish the project. The court determined that there was no express or implied-in-fact contract. The court held that there was nevertheless a contract implied-by-law and that "Perkins would be unjustly enriched by the work of Daugherty unless Daugherty received compensation, and therefore he should recover quantum meruit for the work he did for Perkins." *Id.* at 909.

The plaintiff in *Perkins* sought only to recover the value of services rendered, with no allegation that he was entitled to additional compensation due to forfeiture of other business opportunities. *Perkins* merely described quantum meruit as the remedy for the most basic form of unjust enrichment – where there was a correspondence between the value of services provided and the value of benefits received. *Perkins* did not address the issues of whether the recovery should be less when the value of benefits received is less and more when the value of benefits received is more.

5

In *Triple Elkhorn Mining*, the Kentucky Supreme Court stated that evidence of income and profits were generally not relevant in claims asserting unjust enrichment, but the case gives no description of the facts for comparison to this case.

### The Nature of Equitable Relief

Since Kentucky law does not provide a definitive answer to the measure of damages for unjust enrichment in this case, a broader evaluation of the purpose of equitable relief is necessary. Under Kentucky and federal law, damages awarded under a quasi-contract theory – whether quantum meruit or unjust enrichment – are not intended to serve as a substitute for breach of contract damages.

A "quasi-contract," also termed an "implied-in-law contract," is "an obligation imposed by law because of the conduct of the parties, or some special relationship between them, or because one of them would otherwise be unjustly enriched." *Kentucky Ass'n of Counties All Lines Fund Trust v. McClendon*, 157 S.W.3d 626, 632-33 (Ky.,2005) quoting BLACK'S LAW DICTIONARY 322 (7th ed.1999). The equitable doctrine of unjust enrichment "is applicable as a basis of restitution to prevent one person from keeping money or benefits belonging to another." *Rose v. Ackerson*, ___ S.W.3d ___, 2012 WL 3046330 at *3 (Ky.App.) quoting *Haeberle v. St. Paul Fire and Marine Ins. Co.*, 769 S.W.2d 64, 67 (Ky.App.1989). "[R]estitution is not damages; restitution is a restoration to prevent unjust enrichment." *Cheyenne Resources, Inc. v. Elk Horn Coal Corp.*, 265 S.W.3d 184, 186-87 (Ky.,2008) quoting Dobbs, Law of Remedies § 4.1(1), at 556 (2d ed.1993).

These equitable principles lead to the conclusion that the measure of damages in an unjust enrichment claim is the same as the measure of damages in a quantum meruit claim, or the value of services rendered by the Plaintiff.

**Federal Authorities**

Several federal courts interpreting other states' laws have reached similar conclusions. The Seventh Circuit recognized that quantum meruit is the "more liberal recovery rule" as opposed to unjust enrichment because the plaintiff need not prove a benefit conferred on the defendant. *Lindquist Ford, Inc., v. Middleton Motors, Inc.,* 557 F.3d 469, 478-79 (7th Cir. 2009) (interpreting Wisconsin law).  In *Lindquist Ford*, the plaintiffs, an automobile dealership and its general manager, asserted claims for quantum meruit and unjust enrichment against the defendant automobile dealership when the defendant fired the general manager without paying for several months of management services.  The Seventh Circuit held that "[t]he measure of damages under unjust enrichment is limited to the value of the benefit conferred on the defendant; any costs the plaintiff may have incurred are generally irrelevant." *Id.* at 477.

In *Media Services Group v. Bay Cities Communications, Inc.*, 237 F.3d 1326 (11th Cir.2001) (interpreting Florida law), a broker who facilitated the sale of a radio station filed an action against the station owner for unjust enrichment.  The Court held that the proper measure of damages was the benefit received, or value of services provided by the plaintiff that facilitated the sale, not the potential future profits from the sale of the radio station.

In *Froom-Lipman Group, L.L.C. v. Forest City Enterprises*, 747 F.Supp.2d 891 (N.D.Ohio,2010), a Florida real estate company brought an action for unjust enrichment against an Ohio real estate development company based on an alleged joint venture agreement.  The plaintiff alleged that the defendant agreed to pay it for introducing the defendant to a third company.  The plaintiff allegedly was to receive a 15% equity in any property of the third company for which the defendant obtained a development contract.  The court noted that, while the plaintiff brought an

opportunity to the defendant, it was the defendant and not the plaintiff who invested the money and took all the risk.  The court held that the plaintiff was not entitled to a share of profits as a joint-venture partner and proceeded to calculate the fair market value of the plaintiff's service.

These federal cases support the conclusion that the measure of the Plaintiff's damages for unjust enrichment is the same as quantum meruit, or the value of the services performed by the Plaintiff.  Based on this conclusion, evidence of the Defendants' profits is not relevant to the Plaintiff's claims and the motion to compel should be denied.

### ORDER

It is ORDERED:

Defendants' motions for reconsideration of the prior Order granting the motion to compel (DN 31 and DN 32) are GRANTED; the prior Order granting the motion to compel (DN 28) is VACATED; and the motion to compel (DN 27) is DENIED.